IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Glynndeavin von Fox,** | ) | **Case No. 2:16-cv-132-RMG-MGB** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **The State of South Carolina, et al** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

Pending is the *pro se* Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" ("IFP"). (DE# 3). In the fifth of many civil actions filed recently in this Court,[1] Plaintiff sues the State of South Carolina and Governor Nikki Haley (DE# 1). Pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge.[2] Upon review, the Magistrate Judge recommends that the Plaintiff's motion to proceed IFP be **denied** and that the case be **summarily dismissed** for the following reasons:

**I.  Relevant Law**

**A. Liberal Construction**

This Court is required to liberally construe *pro se* pleadings, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v.*

---

[1] See D.S.C. Case Nos. 2:16-cv-98; 2:16-cv-106; 2:16-cv-131; 2:16-cv-132; 2:16-cv-136; 2:16-cv-179; 2:16-cv-180; 2:16-cv-181; 2:16-cv-182; 2:16-cv-183; 2:16-cv-184; 185; 2:16-cv-186; 2:16-cv-197; 2:16-cv-188; 2:16-cv-209; 2:16-cv-225; 2:16-cv-227; 2:16-cv-228; 2:16-cv-394.

[2] The Fourth Circuit Court of Appeals recently held that an order denying leave to proceed IFP is the "functional equivalent" of a dismissal, and thus, is outside the scope of a magistrate's authority. *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (unpublished).

*Rowe*, 449 U.S. 5 (1980) (per curiam). ). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Applications to Proceed IFP

A plaintiff may pursue a civil action in federal court without paying the filing fee if he submits an affidavit containing a statement of his assets and demonstrates that he cannot afford to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the filing fee. *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981), *cert. denied*, 454 U.S. 1151 (1982). A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U .S. 331, 339 (1948).

An affidavit to proceed IFP is sufficient if it states facts indicating that the plaintiff cannot afford to pay the filing fee. *Adkins*, 335 U.S. at 339. If a court determines at any time that the allegation of poverty in an IFP application is not true, then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A); *and see, e.g., Justice v. Granville Cty. Bd. of Educ.,* 2012 WL 1801949 (E.D.N.C. May 17, 2012) ("dismissal is mandatory if the court concludes that an applicant's allegation of poverty is untrue"), *affirmed by*, 479 F. App'x 451 (4th Cir. Oct. 1, 2012), *cert. denied*, 133 S.Ct. 1657 (2013); *Berry v. Locke*, 2009 WL 1587315, *5 (E.D.Va. June 5, 2009) ("Even if Berry's misstatements were made in good faith, her case is subject to dismissal because

her allegation of poverty was untrue"), *appeal dismissed*, 357 F. App'x 513 (4th Cir. 2009). Prior to statutory amendment in 1996, courts had discretion to dismiss a case if it determined that an allegation of poverty was untrue. *See Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The 1996 amendment changed the words "may dismiss" to "shall dismiss." Mandatory dismissal is now the majority view, and district courts in the Fourth Circuit have adhered to the majority view. *See, e.g., Justice*, 2012 WL 1801949, *6 n.5; *Staten v. Tekelec*, 2011 WL 2358221, *1 (E.D.N.C. June 9, 2011); *Berry*, 2009 WL 1587315, *5.

## II. Discussion

### A. IFP Not Warranted

In his IFP motion dated January 12, 2016, Plaintiff indicates that he is employed by "Fox Consulting Firm" and that his "take-home pay or wages" are $1,200.00 monthly. (DE# 3, ¶ 2). On the printed form, he checks boxes indicating that in the past 12 months, he has received income from (a) business, profession, or other self-employment; (b) rent payments, interest, or dividends; (d) disability or worker's compensation payments; and (e) gifts or inheritances. (*Id*. ¶ 3). He did not check boxes (c) and (f). Plaintiff explains that the amount he received for (a) was $50.00; (b) $1,200.00; (d) $1,200.00; and (e) $500.00. (*Id*.). He indicates that he has $800.00 in his bank account. (*Id*. ¶ 4). [3] Plaintiff also indicates he has assets valued at $140,000.00. (*Id*. ¶ 5).[4] Plaintiff

---

[3] In the many different cases filed by Plaintiff in this Court so far in 2016, his different IFP motions indicate bank account balances between $1,000.00 and $300.00. The Court may properly take judicial notice of such records. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records"). Additionally, the Court takes judicial notice of the fact that Plaintiff has filed numerous cases in the state courts, which have also denied him permission to proceed IFP and summarily dismissed the cases. *See, e.g.,* Charleston County Circuit Court Case Nos. 2016CP1000297; 2016CP1000320; 2016CP1000321; 2016CP1000322; 2016CP1000352; 2016CP1000515; 2016CP1000516.

[4] In other IFP motions recently filed in this Court, Plaintiff indicates the $140,000.00 valuation is for "real estate and stocks." *See, e.g.,* D.S.C. Case No. 2:16-cv-181, DE# 3.

indicates that he has no expenses for "housing, transportation, utilities, or loan payments, or other regular monthly expenses." (*Id.* ¶ 6). Plaintiff indicates he has no debts or other financial obligations. (*Id.* ¶ 8).

Plaintiff indicates he has monthly income of $1,200.00, assets of $140,000.00, and no debts, which indicates that he has the ability to pay the filing fee in this case (and other cases). *See Justice,* 2012 WL 1801949, *3 (denying IFP status where plaintiff indicated he owned real and personal property with a total value of $113,500.00 because "the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee of $350.00 in each case"). Based on the record presently before the Court, it appears that Plaintiff can pay the filing fee in this case. (*Id.* at *5, "the court does not agree that plaintiff is actually impoverished," thus denying IFP status and dismissing four civil lawsuits by the same *pro se* plaintiff). This case should therefore be dismissed. 28 U.S.C. § 1915(e)(2)(A); *see also Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir.2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Justice,* 2012 WL 1801949 at *6 n. 5.[5]

### B. The Complaint Fails to State a Claim and is Frivolous

The Complaint is also subject to dismissal on other grounds, including that it fails to state a claim for which relief may be granted and is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i, ii).[6] The United States Supreme Court has explained that a "complaint must contain sufficient factual

---

[5] When denying leave to proceed IFP, the dismissal may be with or without prejudice, in the court's discretion. See *Staten*, 2011 WL 2358221, *2 (indicating that dismissal with prejudice "for an untrue allegation of poverty … is appropriate only when the applicant intentionally misrepresented his … financial condition, acted with bad faith, and/or engaged in manipulative tactics or litigiousness"); *Berry*, 2009 WL 1587315, *5 (same, citing *Thomas*, 288 F.3d at 306-308); *In re Sekendur*, 144 F. App'x at 555 (7th Cir. 2005) ("a court faced with a false affidavit of poverty may dismiss with prejudice in its discretion"). While Plaintiff appear s "litigious," the record does not establish that Plaintiff "intentionally misrepresented his financial condition." Rather, the facts in his affidavit simply do not indicate that he is entitled to proceed IFP. Hence, dismissal without prejudice may be appropriate.

[6] The United States Supreme Court has observed that courts possess the inherent authority to dismiss a frivolous case, even in cases where a plaintiff has paid the filing fee. *Mallard v. U.S. District Court*, 490 U.S. 296, 307-308 (1989).

matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S 319, 326 (1989); *McLean v. United States*, 566 F.3d 391 (4th Cir. 2009).

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact*.*" *Neitzke*, 490 U.S at 325. A claim based on a meritless legal theory (such as "claims of infringement of a legal interest which clearly does not exist") or clearly baseless factual contentions (such as "claims describing fantastic or delusional scenarios") may be dismissed *sua sponte* "at any time." *Id.* at 327-328; 28 U.S.C. §1915(e)(2)(B). "[A]llegations that seem delusional, irrational, and wholly beyond belief" are considered factually frivolous. *Brunson v. U.S. Dep't of Justice*, Case No. 3:11–2569–JFA–PJG, 2011 WL 6122585, *2 (D.S.C. Oct. 24, 2011), *adopted by* 2011 WL 6122747 (D.S.C., Dec. 9, 2011).

This case is subject to summary dismissal because Plaintiff is attempting to sue defendants who are immune from suit. Plaintiff seeks monetary damages in the amount of $2,500,000.00 from the State of South Carolina, which is protected by the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) (an unconsenting State is immune from suits brought in federal courts by her own citizens). Such immunity extends to arms of the state, including a state's agencies and instrumentalities. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *and see*, *Davis v. Wilson*, Case No. 9:13-cv-382-GRA-BHH, 2013 WL 1282024, *3 (D.S.C.), *adopted by* 2013 WL 1281931 (D.S.C., Mar. 27, 2013), *affirmed by* 539 F.App'x 145 (4th Cir.(S.C.), Sep. 4, 2013), *cert. denied*, 134 S.Ct. 940 (2014). Governor Nikki Haley, in her official capacity, is considered the same as the State of

South Carolina, and is also protected by Eleventh Amendment immunity. The Complaint fails to state a claim and is frivolous, and therefore should be summarily dismissed. *See Ross v. Baron*, 493 F.App'x 405, 406 (4th Cir.2012) ("[F]rivolous complaints are subject to summary dismissal").

Plaintiff fails to allege any facts that could be reasonably construed as setting forth a plausible claim for relief. Plaintiff seeks sweeping changes in state law, which is a matter for the legislative branch of government. The type of relief the *pro se* Plaintiff seeks is not available here. In the Complaint, he indicates that:

> I would like the court to change the South Carolina Code of Laws to befit a twenty first century state in South Carolina .... If awarded the change, I would like the amount of 2.5 Million USD to be placed in a rotating yearly budget for satellite offices in the State of South Carolina for each respective minority represented by the demographic polling of South Carolina.

(DE# 1 at 6, "What Would You Like the Court to Do").

Although the Plaintiff makes muddled references to various statutes, the allegations of the Complaint are largely nonsensical. *See, e.g., Arledge v. Hall,* 2006 WL 1518915, *1 (S.D.Ga. May 31, 2006) (observing that the plaintiff's allegations "are clearly the product of a troubled mind that is … having difficulty grappling with reality"). Plaintiff's allegations, even when liberally construed, do not state any plausible claims. For example, Plaintiff alleges that:

> The issue that is designated in the filing is the ability of the State of South Carolina under SC Code of Laws Section 1-31-10 to break the Civil Rights Act of 1964 Title VII, Section 105, Title 5 regarding placing a race nomenclature on the majority the Commission of Minority Affairs (CMA) Board. … I look to have the law changed for the representation of the twenty first century through a board that has the education and experience polled from demos, by an official de facto in America, and not a race of people in America. I am represented by a person that is voted on in America through the winning of the American Revolution by General George Washington, and the founding fathers like Benjamin Franklin, John Hancock, and John Rutledge who established representation fairly in America from oppression of a tyrannical HRH King George III. In that aspect alone, the law should be changed to fit a process that lets the elected

>official appoint someone that is not race based, but educational and experience beneficial to the cause of the minority in South Carolina.

(DE# 1 at 5, as in original). While Plaintiff cites Title VII, such statute prohibits discrimination by an employer against an employee, which is a matter not at issue here. Plaintiff does not state any coherent facts that relate to any employment relationship.

Plaintiff has also filed a "supplement" and attaches a copy of an email from the Native American Program Coordinator discussing the Plaintiff's request for forms. (DE# 6).  In his supplement, Plaintiff describes his "legal issue" (in his own words) as:

>"not having a (sic) Asian liaison for the Asian community of South Carolina per the South Carolina Code of law that mandates this service be in place …. After talking to the India (sic) consulate in Atlanta on the 3rd of February 2016 they consider themselves to be in the Asian community, and that would mean that the first minority elected governor in the State of South Carolina in mis-represented in the South Carolina Commission for Minority Affairs with no Asian liaison to be contacted on her behalf, if she wants to access programs."

(DE# 1 at 6, as in original). Plaintiff fails to explain what this has to do with anything in his Complaint. Even liberally construing Plaintiff's Complaint, and taking any nonconlusory allegations are true, this case is subject to summary dismissal. *See, e.g., Cabbil v. United States*, Case No. 1:14-cv-04122-JMC-PJG, 2015 WL 6905072, *1 (summarily dismissing without prejudice on multiple grounds, including that Plaintiff was not entitled to proceed IFP, and that the allegations of the Complaint were legally and factually frivolous); *Willingham v. Cline*, 2013 WL 4774789 (W.D.N.C.  Sept. 5, 2013) (dismissing case on multiple grounds, including that Plaintiff was not entitled to proceed IFP, and that the allegations of the Complaint were frivolous and failed to state a claim for relief).

## III. Recommendation

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" (DE# 3) be **denied**, and that this case be **summarily dismissed**, without prejudice, and without issuance and service of process.

February 12, 2016
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

The plaintiff's attention is directed to the ***Important Notice*** on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).